DONALD R. LYNCH, Appellee, v. STATE BOARD OF ASSESSMENT AND REVIEW, Appellant.

No. 45096.

APRIL 2, 1940.

REHEARING DENIED SEPTEMBER 20, 1940.

A. F. Schaetzle and Stewart Holmes, for appellee.

Fred D. Everett, Attorney General, and John E. Mulroney, Assistant Attorney General, for appellant.

MITCHELL, J.—There is no dispute as to the facts in this case, as they were the subject of a stipulation entered into by the parties.

The Lynch Transfer Company was organized as an Iowa corporation in 1917, and issued stock of the par value of $27,600 of which Donald R. Lynch, the plaintiff, owned in December 1936 stock with the par value of $6,000.

On January 1, 1934, the effective date of the Iowa income tax law, the corporation had a surplus of $11,058.54, and in December 1936, just prior to its dissolution, it had a surplus of $21,085.51.

On December 2, 1936, the stockholders voted to dissolve the corporation. The plan of dissolution provided for the transfer of all the property of the corporation to a partnership in which the partners would hold an interest in the partnership identical with their proportionate interest in the corporation, that the partnership continue the business and that a liquidating dividend of all available cash not needed for current purposes be declared. The partnership was formed. The assets of the corporation were transferred to it, and as a part of the liquidating proceedings, a cash dividend was declared and paid out of the surplus. Of this cash dividend appellee received $2,700, which would, if assessable, be taxable in the sum of $132.84.

Donald R. Lynch appealed from the finding and decision of the corporation and individual income tax division of the State Board of Assessment and Review, levying additional assessment of individual tax for the year 1936 to the State Board of Assessment and Review, which after a hearing dismissed the appeal and affirmed the levy made. Lynch then appealed to the district court of Linn county, which reversed the holding of the State Board of Assessment and Review and ruled in favor of Lynch. The State Board of Assessment and

Review, which is now the State Tax Commission, has appealed to this court.

We start out in this case with the admission by both of the parties that the distribution to Lynch in this case was a distribution made in furtherance of a plan of the liquidation of the corporation.

The pertinent parts of the statutes which are here for consideration are as follows [section 6943-f8, Code of 1935] :

"1. The term 'gross income' includes gains, profits and incomes derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce, or re-occurring profits and income growing out of the ownership or use of or interest in property, real or personal; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit; or gains or profits, and income derived from any source whatever and in whatever form paid. * * * "

Section 6943-f4, paragraph 11, 1935 Code of Iowa:

"11. The word 'dividend' means any distribution made by a corporation out of. its earnings or profits to its shareholders or members, whether in cash or in other property of the corporation."

The contention of the appellant rests upon the definition of the word "dividend", as set forth in paragraph 11 of the Code section 6943-f4, 1935, above set forth. That it was the intention of the legislature to tax any and all dividends, where there is a distribution out of an earned surplus or profit, even if it be as in this case a liquidation of the corporation and a distribution of the assets, is the claim of appellant.

The board in 1936 in its rules and regulations provides in article 37 as follows:

"Art. 37. Distribution in liquidation. Liquidating distributions differ from ordinary dividends or stock dividends in

that they represent to the stockholder a return of his capital investment in the stock of the corporation, and as this constitutes a sale by the stockholder of a capital asset, no taxable gain will be realized or deductible loss sustained by the stockholder as a result of the liquidation of the corporation, except that any distribution of surplus or profits of the corporation will be treated as taxable dividends. A corporation shall, for income tax purposes, be deemed to be in process of liquidation when it begins to dispose of the assets with which its business was carried on, and begins to distribute the proceeds therefrom or the assets themselves. The question of liquidation is a fact to be established, regardless of corporate resolutions or treatment on the corporation's books. If the corporation has taken any action which will prevent it from the continuance of the purposes for which it was organized or has committed any act which would indicate an intention to wind up its affairs, it shall be deemed to be in process of dissolution or liquidation.''

In the regulation we find that the state board itself draws a distinction between a liquidating dividend and the ordinary dividend. The liquidating distribution the board says ''constitutes a sale by the stockholder of a capital asset''. This is of course true, the distribution of the assets to the stockholders is simply turning over to them the property they already own.

The rules and regulations of the State Board of Assessment and Review are for administrative purpose, and must not be inconsistent with the provisions of the law.

The question which we have to decide is whether the legislature intended to include as taxable income a liquidating dividend or distribution of assets.

In Crabill v. Wapello Coal Co., 68 Iowa 751, at page 753, 28 N. W. 56, at page 57, this court said:

''One of the cardinal rules for the construction of statutes is to search out the intent of the legislature and adopt the sense which will be in harmony with the statute as a whole.

The meaning of certain words when read alone may be entirely clear, but when the context is read and the object of the statute is ascertained there may not only be ambiguity in the particular words, but an entirely different meaning correctly adopted than would have been proper if the particular word stood alone.''

There is a distinction between dissolution or liquidating dividends and ordinary dividends. In the case of liquidating dividends the stockholder receives a return of his own property, while in an ordinary dividend it is the profit or income that is distributed to him.

In the case at bar, Lynch surrendered his stock as a consideration for his share of the assets of the corporation. He received exactly what his stock was worth. This was not income but a capital gain.

The legislature specifically provided that income from capital gain is not taxable. In view of that fact, we cannot believe that it intended to tax a distribution of assets, which is not income.

Although the federal act taxes capital gains, the supreme court of the United States in Lynch v. Turrish, 247 U. S. 221, 38 S. Ct. 537, 538, 62 L. Ed. 1087, said:

''And in determining the application of the statute to Turrish we must keep in mind that on the admitted facts the distribution received by him from the Payette Company manifestly was a single and final dividend in liquidation of the entire assets and business of the company, a return to him of the value of his stock upon the surrender of his entire interest in the company, and at a price that represented its intrinsic value at and before March 1, 1913, when the act took effect.

''The District Court and the Circuit Court of Appeals decided that the amount so distributed to Turrish was not income within the meaning of the statute, basing the decision on two propositions, as expressed in the opinion of the Circuit Court of Appeals, by Sanborn, Circuit Judge,—(a) The amount was the realization of an investment made some years before,

representing its gradual increase during those years, and which reached its height before the effective date of the law, that is, before March 1, 1913, and the mere change of form of the property 'as from real to personal property, or from stock to cash' was not income to its holders because the value of the property was the same after as before the change; (b) The timber lands were the property, capital and capital assets of their legal and equitable owner and the enhancement of their value during a series of years 'prior to the effective date of the income tax law, although divided or distributed by dividend or otherwise subsequent to that date, does not become income, gains, or profits taxable under such an act.' * * *

"We concur, therefore, in the second proposition of the Circuit Court of Appeals as well as in the first and affirm the judgment."

Lynch received no distribution or dividend of any kind. What he received was merely an exchange of one form of personal property for another form of property. Dividend distributions and exchanges of property express two distinct legal ideas..

Since capital gains and profits arising from the sale or exchange of real or personal property are expressly excluded from taxation as income under the Iowa law, there can be no tax due, where as in this case, it was simply a distribution of the assets of the corporation.

The lower court was right in so holding and its judgment and decree is hereby affirmed.—Affirmed.

MILLER, BLISS, SAGER, OLIVER, STIGER, RICHARDS, and HALE, JJ., concur.