30 F.3d 1578
 In the Matter of Richard C. MORRIS and Robert E. Morris, Debtors.
Appeal of Charles E. JONES, Trustee, W. Herbert Bayley,
Trustee, Ivan A. Elliott, Jr., Trustee, et al.
 No. 93-3146.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 6, 1994.
Decided Aug. 4, 1994.
 
 Terrell L. Sharp, Marcus H. Herbert (argued), Mt. Vernon, IL, for Charles E. Jones.
 Darrell Dunham, Murphysboro, IL, Curtis Barnes, Galatia, IL, for W. Herbert Bayley, Ivan A. Elliott, Jr., Mark Morris, Allen Morris, Robert E. Morris, Jr., Beth Morris, Ellen Coggshell, Susan Kline.
 Mark J. Ballard, Campbell, Black, Carnine & Hedin, Mt. Vernon, IL, John D. Lien, Joan M. Kubalanza (argued), Foley & Lardner, Chicago, IL, for John Hancock Mut. Life Ins. Co., Inc.
 James L. Van Winkle (argued), Van Winkle & Van Winkle, McLeansboro, IL, Intra Illinois, Inc., Intra USA, Inc., First Bank & Trust Co., Charles York, Mike York, Carl Rexing.
 James E. Ford, Hanagan & Ford, Benton, IL, for F.C. Morris & Sons, Inc.
 James E. Dull, Mt. Vernon, IL, for First National Bank of Wayne City.
 Robert E. Nattier, Flora, IL, for Nattier Fuels, Inc.
 Hamilton County Bank, pro se.
 Wabash Valley Service Company, pro se.
 Bill Taylor, Farm Air, Inc., Fairfield, IL, for Farm Air, Inc.
 Before CUMMINGS and RIPPLE, Circuit Judges, and CRABB, Chief District Judge.*
 CUMMINGS, Circuit Judge.
 
 
 1
 Charles E. Jones, the trustee of brothers Richard and Robert Morris's individual bankruptcy estates, appeals the bankruptcy court's and district court's determination that the transfer of certain farmland once owned by F.C. Morris & Sons, Inc. ("Morris, Inc.") was a valid conveyance. We affirm.Background
 
 
 2
 Debtors Richard and Robert Morris filed separate Chapter 7 bankruptcy petitions on October 26, 1989. Subsequently Charles E. Jones, the bankruptcy trustee of both estates, filed a complaint for ejectment and declaratory relief, seeking to invalidate the sale of approximately 2,200 acres of land in Hamilton County, Illinois, once owned by F.C. Morris & Sons, Inc., an Iowa corporation.
 
 
 3
 From 1966 until 1973, Morris, Inc. conducted a farming operation in Iowa. The debtors and their father owned 100% of the stock of Morris, Inc. In 1973 Morris, Inc. registered to do business in Illinois and bought approximately 3,000 acres of land in Hamilton County, Illinois, and farmed the land. The Morris brothers served as officers of the corporation. After their father died in 1973, debtors acquired all the stock of Morris, Inc. They continued to serve as officers of the corporation. In December 1976 they transferred 9% of the stock to two trusts for the benefit of their children.
 
 
 4
 In November 1977 Morris, Inc. was involuntarily dissolved by the Iowa Secretary of State for failure to pay its annual fee and file its annual report. The Morris brothers were not made aware of the dissolution. Morris, Inc., thus, continued to operate its farming business as a corporation.
 
 
 5
 In December 1978 the debtors, as officers of Morris, Inc., executed a mortgage on the Illinois land to John Hancock Mutual Life Insurance Company ("Hancock") to secure a $3,000,000 loan to the corporation. In December 1979, Morris, Inc. sold approximately 800 acres of its land to individuals not involved in this litigation.
 
 
 6
 In February 1981 Morris, Inc. sold 1,990 acres of the remaining land to an Illinois land trust, whose beneficiary was Intra Illinois, Inc. Morris, Inc. used some of the proceeds to pay operating expenses and debts of the corporation. The remaining proceeds were used by Richard and Robert Morris to invest in oil and gas wells, alcohol fuels and other business enterprises.
 
 
 7
 Morris, Inc. continued to farm the land sold to Intra Illinois pursuant to a ten-year farm lease entered into in November 1980. Morris, Inc., however, soon defaulted on payment of the rent due under the lease and in June 1982 Intra Illinois served a distraint warrant on Morris, Inc., seizing all its farm equipment and grain. In September 1982 Morris, Inc. auctioned off its farm equipment and personal property to settle Intra Illinois' suit for rent and for damages resulting from Morris, Inc.'s improper farming. In October 1982 some of the proceeds from the sale of the equipment was paid to the Internal Revenue Service to satisfy a tax lien against Morris, Inc. and the balance was paid to Intra Illinois, which also received all the proceeds from the sale of the grain seized from Morris, Inc.
 
 
 8
 On October 22, 1982, Morris, Inc. conveyed the remainder of the farm (approximately 200 acres) to an Illinois land trust for the benefit of Intra USA, Inc., an entity related to Intra Illinois. The deed executed by the two debtors as officers of Morris, Inc. also reconveyed for the benefit of Intra USA the 1,990 acres that had been previously conveyed in trust to Intra Illinois. Morris, Inc. did not engage in farming after June 22, 1982. Morris, Inc.'s certificate to do business in Illinois was revoked by the Illinois Secretary of State on December 1, 1982.
 
 
 9
 The conveyance to Intra USA in October 1982 left Hancock as the mortgagee of record. Intra USA did not expressly assume the mortgage, but made direct payments to Hancock on the mortgage from 1981 to 1985. In July 1986, Intra USA defaulted on the mortgage payments, and in response Hancock filed a foreclosure proceeding in Illinois state court against Morris, Inc. and Intra USA.
 
 
 10
 In September 1986 Intra USA filed a motion to dismiss the foreclosure action, claiming that the Hancock mortgage was invalid because Morris, Inc. had been legally dissolved when the mortgage was executed. Prior to September 1986, neither Hancock nor the debtor Morris brothers knew that Morris, Inc. had been dissolved at the time of the conveyances to the Intra entities in February 1981 and October 1982. Nor was either Intra entity aware that Morris, Inc. had been dissolved.
 
 
 11
 On October 26, 1989, while the mortgage foreclosure proceeding was pending, the Morris brothers filed separate Chapter 7 bankruptcy petitions. In their schedules both debtors claimed an interest in the assets of the defunct Morris, Inc. Charles Jones, the trustee of the estates of both brothers, brought the present action in bankruptcy court seeking possession of the Illinois real estate and authority to sell it for the benefit of creditors. The trustee's complaint alleged that Morris, Inc., a dissolved corporation, had no capacity to execute the deeds to Intra Illinois or Intra USA or the mortgage to Hancock, and that therefore the property in question belonged to the Morris brothers as shareholders of the corporation.
 
 
 12
 The bankruptcy court, however, ruled that the land was not part of the debtors' estates. The court held that while the February 10, 1981, deed to Intra Illinois was invalid under the applicable law, the October 22, 1982, reconveyance to Intra USA effectively transferred the land to that entity. In reaching this conclusion, the bankruptcy court applied Iowa law--the law of Morris, Inc.'s state of incorporation--to determine whether Morris, Inc. had the capacity to convey that real estate. The bankruptcy court determined that the October 1982 conveyance was valid under Iowa law since it was part of the winding up of Morris, Inc.'s activities.
 
 
 13
 The bankruptcy court denied the bankruptcy trustee's motion to amend the judgment or reconsider its order. The case was appealed to the United States District Court for the Southern District of Illinois. The district court upheld the bankruptcy court's determination. It agreed that Iowa law should be applied to determine Morris, Inc.'s capacity to convey land and that the October 1982 conveyance was not invalid under the law of that state.
 
 Discussion
 
 14
 At issue is whether an Iowa corporation has the capacity to convey title to real estate located in Illinois more than two years after the corporation has been involuntarily dissolved by the State of Iowa for failure to comply with that state's corporate regulations. The resolution of this question turns in significant part on whether Morris, Inc.'s capacity to convey the land at issue is governed by Iowa law or Illinois law. Under Iowa law, a corporation may "convey[ ] title to its property, real and personal, and otherwise wind[ ] up its affairs" for an unspecified period of time after it has been dissolved. Iowa Code Sec. 496A.102 (1981) (repealed).[1] However, under the Illinois law in effect at the time the transactions at issue occurred, a post-dissolution conveyance was valid only if it was completed within two years of dissolution. Illinois Rev.Stat., ch. 32, pars. 157.79 & 157.94 (1981) (repealed).[2] Thus if Illinois law governs, the transactions at issue are invalid since they occurred more than two years after Morris, Inc. was involuntarily dissolved. If Iowa law governs, however, the transactions are valid--regardless of the fact that they took place almost five years after dissolution--as long as the transactions are determined to have been part of Morris, Inc.'s "winding up of its affairs."
 
 
 15
 As an initial matter, this Court must determine what choice-of-law rule should be used to determine which state's substantive law should apply in this case. In Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, (1941), the Supreme Court held that a federal court sitting in diversity should apply the choice-of-law rules of the state in which it sits. Some courts apply this principle to bankruptcy cases as well. See, e.g., In re Merritt Dredging Co., Inc., 839 F.2d 203, 205-06 (4th Cir.1988), certiorari denied sub nom. Compliance Marine, Inc. v. Campbell, 487 U.S. 1236, 108 S.Ct. 2904, 101 L.Ed.2d 936. Other courts, however, have suggested that in bankruptcy proceedings, a federal court need not "apply the choice of law rules of the forum state in which it sits ... [but rather] may exercise its independent judgment and choose whatever substantive law it deems appropriate in the context of the case before it...." Woods-Tucker Leasing Corp. v. Hutcheson-Ingram Development Co., 642 F.2d 744, 748 (5th Cir.1981) (after rehearing); see also In re Wallace Lincoln-Mercury Co., Inc., 469 F.2d 396, 400 n. 1 (5th Cir.1972); Eugene Scoles & Peter Hay, Conflict of Law, Sec. 23.15 (2d ed. 1992) (collecting cases); cf. Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 162, 67 S.Ct. 237, 239-40, 91 L.Ed. 162 (1946).
 
 
 16
 This controversy need not be resolved here, however, since under either approach Iowa's substantive law would be applied to determine Morris, Inc.'s capacity to convey land after dissolution. The choice-of-law rules of the forum state, Illinois, clearly dictate using Iowa substantive law. While the "Illinois law of conflicts requires the application of the law of the situs of the land in determining the validity, construction, force and effect of an instrument affecting real estate," Aurora Gasoline Co. v. Coyle, 174 F.Supp. 331, 336 (E.D.Ill.1959), Illinois courts look to the laws of a company's state of incorporation when deciding issues regarding a corporation's existence and its capacity to engage in transactions such as those at issue here. Perry v. Western Motor Car Co., 279 Ill.App. 195, 202-03 (1st Dist.1935) ("The manner of doing business in [Illinois] may be controlled by the statutes of [Illinois], but the organization and the manner of its dissolution and its obligations thereunder are subject to the control of the State which gave it birth."); see also Illinois Power & Light Corp. v. Hurley, 49 F.2d 681, 684 (8th Cir.1931), certiorari denied, 284 U.S. 637, 52 S.Ct. 19, 76 L.Ed. 541.[3]
 
 
 17
 Similarly, under the second approach, Iowa law is clearly the "appropriate [substantive law to apply] in the context of the case before [us]." Woods-Tucker Leasing Corp., 642 F.2d at 748. Corporations derive their "life" from the laws of the state in which they are incorporated. The laws of a company's state of incorporation delimit the rights and duties of that corporation, including the scope of its ability to engage in real estate and other business transactions. Thus while Illinois may, as the trustee argues, have the "most significant relationship" to the conveyance itself and while Illinois is the situs of the real estate at issue, Morris, Inc.'s capacity to engage in transactions after it has been dissolved by the State of Iowa is clearly an issue to be resolved by the laws of that state.
 
 
 18
 Having determined that Iowa law applies, we must now determine whether under that law the October 1982 conveyance effectively transferred the real estate in question to Intra USA. Under the relevant Iowa statute, the transactions are valid, regardless of the fact that they took place years after dissolution, as long as the transactions were part of Morris, Inc.'s "winding up of its affairs." The trustee argues that since the officers of Morris, Inc.--the debtors here--did not know that Morris, Inc. was dissolved at the time they conveyed the land to Intra USA, the conveyance should not be considered part of Morris, Inc.'s winding up of its affairs. Winding up, however, is a process distinct from formal dissolution of a corporation and occurs when a corporation ceases to be a going concern and begins to dispose of its assets and settle its debts. Lynch v. State Board of Assessment & Review, 228 Iowa 1000, 291 N.W. 161, 163 (1940). A corporation may, in fact, wind up its affairs without being dissolved under Iowa law. Beidenkopf v. Des Moines Life Ins. Co., 160 Iowa 629, 142 N.W. 434, 441 (1913). The October 1982 conveyance, therefore, was not invalid merely because the debtors were unaware that the company of which they were officers had been involuntarily dissolved.
 
 
 19
 Whether the conveyances at issue here were part of Morris, Inc.'s winding up of its business is ultimately a question of fact. Lynch, 291 N.W. at 163. Here the bankruptcy court determined that the October 1982 transaction was part of the winding up of Morris, Inc.'s business.[4] This finding is not clearly erroneous. In re Excalibur Automobile Corp., 859 F.2d 454, 458 (7th Cir.1988) (bankruptcy court's findings of fact shall not be disturbed unless clearly erroneous). Generally, actions that prevent a corporation from continuing the operation of the business for which it was organized constitute part of "winding up." Lynch, 291 N.W. at 163. The bankruptcy court could reasonably have found that when Morris, Inc. conveyed the approximately 2,200 acres of farmland in 1982, it disposed of the means of continuing its business. Moreover, it was not unreasonable for the bankruptcy court to conclude that Morris, Inc. conveyed the land to Intra USA, Inc. with the intent to liquidate itself and settle its affairs.
 
 
 20
 For the foregoing reasons, this Court holds that Morris, Inc. validly conveyed title to its real estate in Illinois in 1982 and that the property in question therefore is not part of the debtors' bankruptcy estates.
 
 
 21
 Judgment affirmed.
 
 
 
 *
 The Honorable Barbara B. Crabb, Chief Judge of the Western District of Wisconsin, is sitting by designation
 
 
 [1]
 This section was repealed in 1989 when the Iowa legislature enacted the new Iowa Business Corporation Act. The new code, however, contains a similar provision. See Iowa Code Sec. 490.1421(3) (1989) ("A corporation administratively dissolved continues its corporate existence but shall not carry on any business except that necessary to wind up and liquidate its business and affairs....")
 
 
 [2]
 The winding up period is now five years. Ill.Rev.Stat., ch. 32, par. 12.80 (1991). Under Illinois law, corporate property that has not been disposed of by the end of the statutory winding up period automatically passes to the shareholders. Shute v. Chambers, 142 Ill.App.3d 948, 97 Ill.Dec. 92, 95-96, 492 N.E.2d 528, 531-32 (1986)
 
 
 [3]
 This Court is utterly unconvinced by the trustee's claims that an Illinois court would apply Illinois law to determine the ability of an Iowa corporation to convey real estate. The laws in conflict here are laws regarding the legal capacity of corporations, not laws governing the conveyance of real estate. The trustee prefers to ignore this distinction, apparently hoping this Court will do the same. But as the bankruptcy court and the district court opinions should have made clear to the trustee, the distinction is critical to determining which state's substantive law to apply: while Illinois courts will apply the law of the situs of the real estate when faced with a conflict between laws regarding the validity or effect of a conveyance, they will apply the law of a company's state of incorporation to determine the company's powers and duties. Moreover, we agree with the bankruptcy and the district court's conclusion that the Iowa law here at issue is not inconsistent with Illinois public policy: that the Iowa law allows a corporation a longer time to dispose of assets following dissolution does not make it repugnant to the laws of Illinois
 
 
 [4]
 The bankruptcy court found that the 1981 conveyance to Intra Illinois was not part of Morris, Inc.'s winding up. This determination has not been appealed