NATIONWIDE ART CENTER, LTD., Plaintiff-Appellant, v. RICHARD M. DALEY, State's Attorney, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—2651

Opinion filed October 31, 1986.—Rehearing denied December 19, 1986.

Larry D. Drury, Ltd., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Susan Condon, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE PINCHAM delivered the opinion of the court:

The State's Attorney of Cook County instituted actions against Nationwide, Ltd., in which four default judgments in amounts of $3520.25, $5607.64, $32,715.10, and $10,040.88 were entered for delinquent personal property taxes. To collect the judgments, the State's Attorney filed a citation to discover assets. Prior to the citation hearing, the parties entered into an agreement which provided that Nationwide would present a motion to vacate the default judgments and that the State's Attorney would not object to the setting aside of default judgments. The agreement further provided that reduced judgments would be entered against Nationwide in the amounts of $824.67 plus costs, $212.73 plus costs, $195.87 plus costs, and in the fourth case there would be a finding for Nationwide. The agreement also provided that Nationwide would pay a court fee of $30 as a prerequisite to the setting aside of each of the default judgments and an additional $30 citation charge in each of the four cases. Pursuant to this agreement, on June 18, 1982, the original default judgments were vacated and the reduced judgments and costs were entered against Nationwide.

Nationwide filed the instant class action complaint on July 20, 1982, against the State's Attorney. The complaint alleged that the State's Attorney illegally charged and collected a citation fee of $30 from Nationwide and other taxpayers similarly situated. Nationwide later filed an amended complaint, in which it asserted in count II that the collected citation fees were wrongfully deposited in a non-interest-bearing account. Count III of the amended complaint alleged that in violation of section 27.2 of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1983, ch. 25, par. 27.2) and section 4 of "An Act to provide for the fees of the sheriff, recorder, and county clerk in counties of the third class" (Ill. Rev. Stat. 1983, ch. 53, par.

74) the State's Attorney, in conspiracy with the clerk of the circuit court and the sheriff of Cook County, did not pay filing fees for the complaint, citation, or supplemental proceedings or sheriff's fees for the placement and service of summons. Nationwide sought interest on all citation charges recovered by defendant. The State's Attorney responded with a motion to dismiss the complaint, which was denied. Thereupon the State's Attorney filed an answer in which it was asserted that the State's Attorney had the statutory authority to prosecute an action for collection of overdue personal property taxes under section 5 (Ill. Rev. Stat. 1983, ch. 14, par. 5). The State's Attorney's answer further asserted that the $30 citation charge was not a fee, fine, forfeiture or penalty but that the $30 citation charges were paid into the State's Attorney Citation Fund pursuant to a negotiated settlement between the State's Attorney and Nationwide for delinquent personal property taxes owed by Nationwide. The State's Attorney's answer also stated that the $30 citation charges deposited in the Citation Fund were later turned over to the Cook County treasurer.

A hearing on Nationwide's motion for a preliminary injunction was held on January 17, 1983. Nationwide sought to enjoin the State's Attorney from collecting the $30 citation charges. Thomas J. McNulty, an assistant State's Attorney and supervisor of the tax collections unit of that office, and Judge Louis J. Gilberto, the circuit court judge who presided over the personal property tax cases, were called as witnesses. McNulty testified about the State's Attorney's office procedures in settlement conferences with the taxpayer as follows:

"Q. With respect to the $30.00 citation fund, how do we get there and what is the office policy in relation to that?

A. Once we have got a tax and an interest calculated based on the information we have, the assistant then adds up the figures.

In addition to that the assistant is then—it is our office policy that the assistant then orally let's say informs the taxpayer what else he will need to dispose of the case. The taxpayer or the delinquent taxpayer or his counsel is informed of the Cook County Citation Fund of $30.00. He is informed of the $30.00 fee that the clerk of the circuit court will charge him to file.

\* \* \*

He is then asked to sign the spread sheet informing of the agreement. The taxpayer is then advised if the taxpayer doesn't like the tax we are recommending, the $53.00 costs, Mr. Finley's $30.00 fee, or the Cook County Citation Fund fee,

or if he doesn't like anything that we have done about the case, he is invited to protest it to Judge Gilberto.

Q. If during settlement negotiations the taxpayers upon being informed with respect to the $30.00 citation fee and he tells the assistant that he objects to the payment, would we still settle the case with respect to the settlement and interest.

A. Yes, we would.

Q. What would happen if he objected, or what—or what has happened in the past?

A. Well, what would happen is that he would be invited to articulate his grievance before Judge Gilberto."

Judge Gilberto testified:

"Q. If someone in your court—if a party defendant, taxpayer came into your court and a finding for the defendant had been entered, and the taxpayer did not want to pay the $30.00 fee, the $30.00 cost to vacate the default judgment as well as $30.00 citation cost ***.

A. As far as citation costs if he does ask me to redeem money, any situation which would go to any facts occurring prior to the entry of the judgment, I refuse to entertain it. Because I have lost jurisdiction. *** However, *we do accept a stipulation between a state's attorney and a litigant.* If the state's attorney stipulates to vacate that judgment and upon paying the statutory costs, the court does accede to it and does grant that request and vacates the judgment. But for all intents and purposes, if there is no stipulation, the court has no authority to vacate a judgment over two years old.

Q. Judge if the party stipulates to pay a $30.00 citation cost, would the court object to that payment?

A. I would not object to any stipulation in the absence of fraud. *** Parties can stipulate to anything that is legal in the absence of fraud ***. They stipulate as to the amount of tax due, the interest, that's all in a pretrial, handled in the State's Attorney Office, not in the courtroom. So that when they come, all effects are stipulated to, the amount, the interest, and the motion to vacate the judgment is entered by written stipulation. So the court does grant the request pursuant to stipulation between both parties." (Emphasis added.)

The trial court denied Nationwide's motion for a preliminary injunction and found that it was doubtful Nationwide would succeed on the merits and that Nationwide had a sufficient remedy at law.

On May 12, 1983, the State's Attorney's motion to dismiss count

II of Nationwide's complaint was denied but his motion to dismiss count III was granted with prejudice. Counts I and II, which respectively alleged that the State's Attorney illegally charged and collected citation fees of $30 from Nationwide and that the collected citation fees were wrongfully deposited in a non-interest-bearing account, came on for trial on September 22, 1983. The court found for the State's Attorney. We affirm.

■ The trial court proceedings of May 12, 1983, are not included in the record on appeal and the State's Attorney contends an incomplete record on appeal is insufficient to review the trial court's decision. An incomplete record on appeal does not necessarily preclude a reviewing court from determining whether the trial court's findings and rulings are correct where such a determination can be made from the incomplete record on appeal. (*Slavis v. Slavis* (1973), 12 Ill. App. 3d 467, 299 N.E.2d 413.) An examination of the record on appeal before us is sufficiently complete to enable us to determine that the trial court's findings and rulings from which the instant appeal is taken were correct.

■ ■ The State's Attorney contends before us that it was proper to enter into an agreement and stipulation for Nationwide to pay a $30 citation-fund charge in exchange for the State's Attorney not contesting the setting aside of the personal property tax default judgments, which were entered more than 30 days previously. Generally, after expiration of 30 days from the entry of a judgment or decree, the parties may by stipulation confer the court with jurisdiction to vacate the judgment. (*Bratkovich v. Bratkovich* (1962), 34 Ill. App. 2d 122, 124, 180 N.E.2d 716.) Public policy favors compromises and settlements and a presumption of validity arises when compromises and settlements are entered into in the absence of mistake or fraud. Such a compromise or settlement is conclusive on the parties as to all matters included therein. *In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 357, 461 N.E.2d 447.

■ There is no evidence in the record which indicates any fraud, mistake or illegality in the agreement between Nationwide and the State's Attorney. The evidence does not support Nationwide's allegations that the monies were illegally obtained by the State's Attorney because they were not collected pursuant to statute. Likewise Nationwide failed to establish that the State's Attorney lacked authority to enter into the settlement agreement.

In *People ex rel. Thompson v. Anderson* (1983), 119 Ill. App. 3d 932, 457 N.E.2d 489, the taxpayers objected to a property tax assessment. The issue on review was whether the trial court properly va-

cated an order which had been entered pursuant to an agreement between the taxpayer and the State's Attorney or whether the State's Attorney had the authority to enter into the agreement with the taxpayers. The court concluded that the State's Attorney had a duty to conduct such litigation and had express authority to enter into compromise agreements. (119 Ill. App. 3d 932, 939, 457 N.E.2d 489.) The court further stated that the State's Attorney's authority to negotiate and enter compromise settlement agreements was provided in section 194a of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 675a) and that the trial court had erred in setting aside the settlement agreement.

Nationwide did not object at the settlement conference to the payment of the $30 citation-fund charge and did not object to the entry of the agreed judgments. The court held in *People ex rel. Thompson v. Anderson* (1983), 119 Ill. App. 3d 932, 940, 457 N.E.2d 489, that once the parties have entered into an agreement, neither will be allowed to repudiate the agreement in the absence of fraud, mistake, or bad faith. Nationwide cannot now repudiate its agreement, there being no contention of fraud, mistake, or bad faith. For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.