DONALD DUBEY, Plaintiff-Appellant, v. ABAM BUILDING CORPORA-
TION *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—92—3920

Opinion filed August 22, 1994.

Levin & Jones, P.C., of Chicago (Neal H. Levin, of counsel), for appellant.

Condon & Cook, of Chicago (Orlando Velazquez, Francis J. Leyhane III, and Vincent P. Cook, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

The circuit court of Cook County dismissed an action brought by plaintiff Donald Dubey against defendants Abam Building Corporation (Abam) and Austin Liquor Mart, Inc., to recover a security deposit pursuant to a lease. Plaintiff now appeals.

The record on appeal indicates the following facts. Although the initial complaint is not included in the record, the half-sheet of the circuit court indicates that plaintiff filed a complaint against defendants on May 7, 1992. The summons issued in this case indicates that the suit was brought by "DONALD DUBY, o/b/o D.D.L.W. CORPORATION, a dissolved Illinois Corporation." On June 5, 1992,

Austin Liquor Mart, Inc., filed a motion to dismiss the suit pursuant to section 2—619(a)(5) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(5)) (Code). Austin Liquor Mart, Inc., asserted that the claim was barred by section 12.80 of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1991, ch. 32, par. 1.01 *et seq.*) (BCA), which provides in relevant part as follows:

"§ 12.80. Survival of remedy after dissolution. The dissolution of a corporation *** shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name." (Ill. Rev. Stat. 1991, ch. 32, par. 12.80.)

On July 16, 1992, the trial court granted plaintiff's motion for leave to file an amended complaint to correct the caption of the initial complaint.

Plaintiff filed his first amended verified complaint on July 20, 1992. In the amended complaint, plaintiff alleged that he was sole shareholder of D.D.L.W. Corporation (DDLW) prior to its dissolution. Plaintiff alleged that on May 5, 1981, DDLW executed the lease of a store located at 175 Skokie Highway in Northbrook, Illinois, from Abam, which merged with Austin Liquor Mart, Inc., in 1986. Pursuant to the lease, DDLW paid Abam $1,200 as a security deposit. A copy of the lease, including a rider requiring a $1,200 security deposit, was attached as an exhibit to the amended complaint, as was a receipt for $1,200. Plaintiff alleged that Abam later required an additional $1,200 security deposit in consideration of additional types of business being conducted on the premises. Plaintiff attached a check from DDLW to Abam dated July 31, 1981, as an exhibit to the complaint.

Plaintiff further alleged that the premises were destroyed by fire in August 1984, for reasons not the fault of DDLW. Abam elected not to rebuild and terminated the lease as provided for by the lease. Plaintiff alleged that Abam never returned the $2,400.

Plaintiff also filed a response to defendants' motion to dismiss on July 20, 1992. The half-sheet indicates that the trial court granted the motion to dismiss on October 1, 1992. Plaintiff timely filed a notice of appeal to this court.

## I

■ Initially, defendants claim that this court should dismiss the appeal because plaintiff failed to include the initial complaint or the

order appealed from in the record on appeal. It is well established that plaintiff, as the appellant, has the burden to present a sufficiently complete record to support a claim of error. (*E.g., Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959.) However, an incomplete record does not preclude a reviewing court from determining whether a trial court's findings or rulings are correct where that determination can be made from the incomplete record presented. *Nationwide Art Center, Ltd. v. Daley* (1986), 149 Ill. App. 3d 508, 512, 501 N.E.2d 171, 174.

In this case, the record contains plaintiff's first amended verified complaint and the half-sheet indicating that the motion to dismiss was granted. Generally, where an amended complaint is complete in and of itself and does not refer to or adopt a prior complaint, that prior complaint ceases to be part of the record for most purposes. (See *Larkin v. Sanelli* (1991), 213 Ill. App. 3d 597, 602, 572 N.E.2d 1145, 1149.) A verified complaint would remain part of the record after amendment. (*Michael v. First Chicago Corp.* (1985), 139 Ill. App. 3d 374, 379, 487 N.E.2d 403, 406.) However, defendants do not indicate whether the original complaint was verified. Defendants note that the body of plaintiff's response to the motion to dismiss refers to the dissolved corporation as a plaintiff. However, motions to dismiss a complaint pursuant to section 2—619 of the Code admit all well-pleaded facts contained in the complaint; it is the duty of this court to determine whether such allegations, viewed in the light most favorable to the plaintiff, state a cause of action. (*Munizza v. City of Chicago* (1991), 222 Ill. App. 3d 50, 51-52, 583 N.E.2d 561, 563.) This court is not required to assume that the characterizations in a response to the motion to dismiss are true or accurate.

In addition, absent draft orders indicating otherwise, the half-sheet entries are the official recordation of orders entered in the municipal division of the circuit court of Cook County. (*City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 685-86, 525 N.E.2d 915, 918.) Thus, the record on appeal contains both facts which this court must assume to be true and the record of the order dismissing the complaint alleging those facts. Consequently, the record on appeal is adequate to permit appellate review of the trial court's decision to dismiss plaintiff's complaint.

## II

■ On appeal, plaintiff contends that as the sole shareholder of the dissolved corporation, he took possession of the corporate assets and that an action in his individual capacity to collect on such an asset is not barred by section 12.80 of the BCA. Defendant responds

that a security deposit is not a corporate asset and that even if it is, the action is barred by section 12.80 of the BCA.

Whatever assets a dissolved corporation has belong to the former shareholders, subject to the rights of creditors. (*Shute v. Chambers* (1986), 142 Ill. App. 3d 948, 952, 492 N.E.2d 528, 531; *Brooks v. Saloy* (1948), 334 Ill. App. 93, 99-101, 79 N.E.2d 97, 100-01.) Though there is not much authority on the subject, where a lease does not provide for its termination upon the dissolution of a corporate lessee, it is generally considered an asset to which former shareholders succeed. (19 Am. Jur. 2d *Corporations* § 2895 (1986).) Thus, a shareholder may step into the shoes of the lessee, with the same rights and obligations that the corporation had before dissolution. 19 Am. Jur. 2d *Corporations* § 2895 (1986); see *Abbott v. Fluid Power Pump Co.* (1969), 112 Ill. App. 2d 303, 310, 251 N.E.2d 93, 97; see also *Lake County Trust Co. v. Two Bar B, Inc.* (1989), 182 Ill. App. 3d 186, 194, 537 N.E.2d 1015, 1021 (former shareholders of dissolved corporation seeking to enforce rights resulting from a note and assignment of rents not barred by corporate survival statutes).

Assuming for the purposes of the section 2—619 motion that the lease passed to plaintiff upon dissolution of the corporation, we note that the lessor's termination of the lease generally entitles the lessee (or one standing in the shoes of the lessee) to recover the security deposit. (See, *e.g., Munroe v. Brower Realty & Management Co.* (1990), 206 Ill. App. 3d 699, 704, 565 N.E.2d 32, 35.) Defendants note that there may be defenses to recovery of all or part of the security deposit, but none were raised as affirmative matters defeating recovery in defendants' section 2—619 motion. Thus, the remaining issue is whether plaintiff's action is barred by section 12.80 of the BCA.

Defendants urge this court to follow the approach of *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.* (7th Cir. 1980), 629 F.2d 1183, which indicated that a former shareholder could maintain an individual action after the period specified in the corporate survival statute, so long as the action was neither derivative nor inchoate. (*Canadian Ace Brewing Co.*, 629 F.2d at 1186-88.) In *Canadian Ace Brewing Co.*, the Seventh Circuit indicated that an antitrust claim was inchoate because it had not been reduced to a judgment prior to dissolution. A judgment, which would represent a fixed debt and would be evidenced by a document, would be similar to a transfer of tangible property upon which an action could be maintained. *Canadian Ace Brewing Co.*, 629 F.2d at 1187.

However, in *Shute*, this court rejected the argument that an inchoate claim is automatically barred by the corporate survival statute. (*Shute*, 142 Ill. App. 3d at 953, 492 N.E.2d at 531-32; see also

*Hunter v. Old Ben Coal Co.* (7th Cir. 1988), 844 F.2d 428, 435 n.10 (noting that *dictum* in *Canadian Ace Brewing Co.* suggesting all claims of former shareholders were barred by corporate survival statute, regardless of the capacity in which the suit is brought, is not a correct statement of Illinois law).) The *Shute* court indicated that barring

> "this type of claim [*i.e.*, an action on a purchase agreement and note] would result in barring former shareholders from enforcing rights to corporate assets at the same time they succeeded to ownership of the assets by operation of law." *Shute*, 142 Ill. App. 3d at 954, 492 N.E.2d at 532.

Plaintiff contends in his brief that any cause of action may be considered a corporate asset. Assets may be defined as:

> "Property of all kinds, real and personal, tangible and intangible, including, *inter alia*, for certain purposes, patents and causes of action which belong to any person including a corporation and the estate of a decedent." (Black's Law Dictionary 108 (5th ed. 1979).)

This definition makes clear that causes of action may be deemed corporate assets "for certain purposes." In *Canadian Ace Brewing Co.*, the Seventh Circuit concluded that for the purpose of determining whether a claim is barred by the corporate survival statute, an inchoate antitrust claim was not such an asset. In this case, however, plaintiff does not claim that his cause of action is *in itself* a corporate asset. Rather, plaintiff has brought a cause of action to recover a security deposit under a lease, which is generally considered to be a corporate asset to which former shareholders may succeed by operation of law following dissolution of the corporation. Thus, this case falls outside the scope of *Canadian Ace Brewing Co.* and within the scope of *Shute*. Consequently, plaintiff's claim was not barred by section 12.80 of the BCA and should not have been dismissed.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.

BUCKLEY and O'CONNOR, JJ., concur.