NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2013[*]
Decided February 25, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2448

| | |
|---|---|
| VINCENT WILLIAMS, | Appeal from the United States District |
|     *Plaintiff–Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 11 C 6228 |
| BOARD OF EDUCATION OF THE | |
| CITY OF CHICAGO and PAUL H. | Harry D. Leinenweber, |
| SCHWENDENER, INC., | *Judge*. |
|     *Defendants–Appellees*. | |

**O R D E R**

Plaintiff Vincent Williams was sole shareholder of Majestic Properties, an Illinois corporation that was dissolved involuntarily in 2002. The previous year Majestic, doing business as Citizens Electric, had been hired as the electrical contractor for a new elementary school under construction in Chicago. The Board of Education had selected the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

general contractor (a joint venture), which in turn subcontracted with Majestic. Majestic, which had been certified under a City of Chicago ordinance as a minority-owned business eligible for contracting preferences, was replaced before the work was finished and was not paid in full. In June 2001, just five months after joining the project, Majestic sued the Board and the general contractor in state court claiming only breach of contract (though Williams has since come to believe that the breach was motivated by racial enmity and a desire to manipulate the City's set-aside program for minority-owned businesses). That lawsuit was dismissed in November 2001 for failure to prosecute.

Nothing more happened for nearly a decade, but then Williams, individually and without a lawyer, filed this federal suit in September 2011 against the Board and one member of the joint venture. (Williams also named as a defendant, in his official capacity, a former executive for the Chicago school system. Naming that official was equivalent to naming the Board.) Williams now claims that the defendants conspired to force Majestic off the construction project in violation of the Constitution and state law. The district court dismissed the action on the grounds that Williams's claims are barred by the doctrine of res judicata, the applicable statute of limitations, or both. Williams appeals, again without counsel.

In his brief, Williams argues a number of issues, but most are not relevant to the district court's explanation for dismissing his lawsuit. The Board had focused its motion to dismiss on res judicata and timeliness, and Williams says nothing that undermines the court's handling of those affirmative defenses. We think it prudent, however, to resolve the appeal on an issue that is more fundamental than those, which is whether Williams, who owned Majestic's stock but was not personally a party to the company's contract on the school project, could bring this lawsuit at all. Whether described as an issue about prudential standing, *see G & S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540–41 (7th Cir. 2012); *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 756–57 (7th Cir. 2008), or the identity of the real party in interest, *see* FED. R. CIV. P. 17(a); *Frank v. Hadesman and Frank, Inc.*, 83 F.3d 158, 159–60 (7th Cir. 1996), the simple fact is that Williams is not Majestic. And even though he was the company's president, he cannot litigate corporate claims without counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008).

More important, Majestic long ago forfeited the claims that Williams asserts in this litigation. Under the Illinois corporate-survival statute, which governs Majestic's capacity to sue in federal court, *see* FED R. CIV. P. 17(b)(2), the company had only five years after its dissolution to bring any remaining claims. *See* 805 ILCS 5/12.80; *Sharif v. Int'l Dev. Group Co.*, 399 F.3d 857, 860–62 (7th Cir. 2005); *Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.*,

68 F.3d 1016, 1018–20 (7th Cir. 1995); *Riley Acquisitions, Inc. v. Drexler*, 946 N.E.2d 957, 964 (Ill. App. Ct. 2011). The five years after Majestic's dissolution ran out in 2007.

Shareholders of a dissolved corporation might still be able to sue on their *own* claims after five years, *e.g.*, where the shareholder is a third-party beneficiary of a contract between the corporation and a party that breached that agreement. *See Sharif*, 399 F.3d at 860–61; *Hunter v. Old Ben Coal Co.*, 844 F.2d 428, 432 (7th Cir. 1988); *Glass v. United States*, 258 F.3d 1349, 1354–55 (Fed. Cir. 2001). Shareholders might also be able to sue on corporate claims that have passed to them on dissolution, but inchoate claims are forfeited for a corporation and its shareholders alike unless the claims arise from a debt of an ascertainable and fixed amount, often as evidenced by a document. *See Sharif*, 399 F.3d at 861–62; *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1185–87 & n.4 (7th Cir. 1980) (discussing predecessor statute to 805 ILCS 5/12.80); *Dubey v. Abam Bldg. Corp.*, 639 N.E.2d 215, 219 (Ill. App. Ct. 1994); *Shute v. Chambers*, 492 N.E.2d 528, 531–32 (Ill. App. Ct. 1986). Neither situation describes the federal lawsuit filed by Williams, whose indefinite, inchoate claims arise entirely from a dispute between two business entities whose contract granted him no direct or incidental benefit and thus leave him without standing to bring these claims.

We modify the district court's judgment of dismissal to be a dismissal for lack of subject-matter jurisdiction, and as modified, the judgment dismissing this action is AFFIRMED.