(No. 44098.—

ALCO STANDARD CORPORATION, Appellee, v. F & B
MANUFACTURING CO., Appellant.

*Opinion filed March 30, 1972.*

DAVIS, J., took no part.

CANFIELD, CANFIELD, FRANKS, WYLDE &
HOAD, of Rockford, and LEAHY & KLEIN, of Chicago
(ROBERT R. CANFIELD, MARY LEE LEAHY, and
SEYMOUR KEITH, of counsel), for appellant.

GUYER and ENICHEN, of Rockford, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

In 1968 the defendant, F & B Manufacturing Co., entered into a contract to buy an industrial heat treating furnace from Ipsen Industries, a division of the plaintiff, Alco Standard Corporation, for a price of $66,595. The contract described the dimensions and other specifications of the furnace. The furnace was delivered to F & B's plant in Phoenix, Arizona, on or about July 6 of the same year. F & B rejected it on the ground that it was not large enough to meet its needs. By agreement of the parties the defendant paid the cost of shipping the furnace to a warehouse in California, where the plaintiff resold it to another manufacturer for $57,500.

Thereafter the plaintiff brought this action to recover the difference between the contract price and the price for which the furnace was resold. A jury was waived, and after a trial, judgment was entered for the plaintiff in the sum of $9,095. Interest at 5%, in the sum of $505, was also allowed, because payment had been withheld "by unreasonable and vexatious delay." The Appellate Court Second District, affirmed the judgment for $9,095, and reversed the judgment insofar as it provided for the payment of interest. (*Alco Standard Corp. v. F & B Manufacturing Co. (Ill.App. 1970), 265 N.E.2d 507.*) We allowed leave to appeal.

In this court the buyer contends that in reselling the rejected furnace, the seller was required to comply with section 2—706(3) of the Uniform Commercial Code, but failed to do so. That provision states: "Where the resale is at private sale the seller must give the buyer reasonable notification of his intention to resell." Ill.Rev.Stat. 1967, ch. 26, par. 2—706(3).

The buyer asserts that before a seller is entitled to recover damages under that section of the Uniform

Commercial Code he must prove his compliance with it, and that the appellate court erroneously held that section 2—706(3) establishes an affirmative defense, which must be pleaded and proved by the buyer.

The opinion of the appellate court states: "The defendant was not notified of the proposed resale of the furnace as required by section 2—706(3) of the Commercial Code [citation], and now complains that this failure is a complete defense to the action for the deficiency. Once again, the failure to notify defendant of the resale was not pleaded affirmatively." These statements strongly suggest a misinterpretation of the statute, which does not require that the defaulting buyer be notified of "the proposed resale," but instead requires only that the seller "give the buyer reasonable notification of his intention to resell." It is not necessary however to determine the proper allocation of the burden of pleading and proof under the Code for the reason that the testimony is undisputed that the buyer's plant manager in Phoenix was told by the seller's west coast manager that there was a potential buyer for the machine in California and the buyer then paid for shipping the machine there. If we assume the buyer's contention to be correct this is sufficient proof of notice under the provisions of the Code.

The contract of sale provides in part:

> "In the event of the Purchaser's default *** Ipsen may resell it at public or private sale, *and in the case of public sale, Ipsen or any other person may purchase* the same and from the proceeds pay the retaking, repairing, storing, selling expenses and attorney's fees *and apply the remaining amount to any balance* the Purchaser owes Ipsen *and Ipsen may recover any resulting deficiency* from the Purchaser as liquidated damages ***."

The buyer contends that the seller cannot recover the deficiency claimed and argues: "It is clear that the contract allows plaintiff to resell at public or private sale. There is no dispute that it was a private resale in the

instant case. We read the contract to allow recovery for 'any balance' only in the case of public resale. Note carefully the language and punctuation italicized above. If such balance could be recovered at private resale, the words 'and in the case of public sale' are not needed and, indeed, have no meaning."

This argument is ingenious, but unsound. The argument is admittedly built upon punctuation—specifically upon the absence of a comma after the provision which states that in the case of a public sale, "Ipsen or any other person may purchase the same." If there was a comma after the word "same," the buyer's argument, which in any event makes meaningless the reference to resale at a private sale, would totally collapse. Sensibly read, we think it clear that the quoted provision authorizes resale at public sale, at which the seller may itself purchase, or at private sale. And in either event the seller may recover the difference between the contract price and the resale price.

It was agreed in the appellate court that the trial court improperly awarded interest for "vexatious and unreasonable delay." The seller, however, contends that interest should have been awarded under section 2 of the Interest Act (Ill.Rev.Stat. 1969, ch. 74, par. 2), which provides that creditors shall be allowed to receive interest at five per centum "for all moneys after they become due on any *** instrument of writing." This contention is open to the seller under Rule 318(a) (Ill.Rev.Stat. 1969, ch. 110A, par. 318(a)), and in our opinion it is sound. It has often been held that written contracts for the sales of goods are "written instruments" within the meaning of the statute. *(Murray v. Doud & Co. (1897), 167 Ill. 368, 375; Laughlin v. Hopkinson (1920), 292 Ill. 80, 85-86; Smith v. Gray (1925), 316 Ill. 488; Keystone Steel and Wire Co. v. Price Iron and Steel Co. (1952), 345 Ill.App. 305, 314-315;* see, e.g., *In re Morrison (7th cir. 1919), 261 F. 355,* and cases cited therein; *L. L. Fortes Sportswear Co. v. Goldblatt Bros., Inc. (7th cir. 1966), 356 F.2d 906, 910.)* The buyer

has suffered no prejudice because the trial court awarded interest on an erroneous ground *(Nix v. Thackaberry (1901), 240 Ill. 352, 357)*, and that portion of the appellate court's judgment which denied interest is reversed.

*Affirmed in part and reversed in part.*

MR. JUSTICE DAVIS took no part in the consideration or decision of this case.