RAY KOEPKE, Plaintiff-Appellant, *v.* FIRST NATIONAL BANK OF DE KALB, Trustees for Country Club Estates Trusts, Defendant-Appellee.

(No. 71-224;

Second District—June 21, 1972.

C. M. Glosser, of Rochelle, for appellant.

Tyler & Peskind, of Aurora, and Boyle & Cordes, of De Kalb, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff appeals from an order of the trial court dismissing his complaint.

World Construction Company, Inc. was incorporated in 1964 and dissolved, by court decree, in 1966. In 1970, the plaintiff, the majority shareholder of the defunct corporation, on behalf of all shareholders brought an action in equity based upon breach of contract. Financial injury was the only equity alleged.

The trial judge granted defendant's motion to dismiss on the basis of Section 157.94 of the Business Corporation Act (Ill. Rev. Stat. 1969, ch. 32, sec. 157.94) which provides:

"The dissolution of a corporation * * * shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution * * *."

The plaintiff concedes that the corporation must bring an action within two years of dissolution, but attempts to avoid the statute by alleging

that his action is an equitable one brought, not by the corporation, but by the shareholders.

The provisions of the statute are clearly applicable, 1) to the defunct corporation, to its directors and shareholders (see, *Gordon v. Loew's Incorporated* (D.C.N.J. 1956), 147 F.Supp. 398), and 2) to "any remedy," which would include an action brought in equity.

Judgment affirmed.

ABRAHAMSON and GUILD, JJ., concur.