LAWRENCE SANCHEZ *et al.*, Plaintiffs-Appellees, *v.* O'NEAL WALLS *et al.*, Defendants-Appellants.

Second District   No. 77-18

Opinion filed April 13, 1978.

J. Robert Meyer, of McBride, Baker, Wienke & Schlosser, of Oak Brook, for appellants.

A. E. Botti and Lee A. Marinaccio, both of Wheaton, for appellees.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The plaintiffs-appellees, Lawrence Sanchez and Ted Sanchez, hereafter collectively referred to as the plaintiffs, confessed a judgment on a promissory note against the defendants-appellants, O'Neal Walls and Pyro Spray Insulation Corporation, hereafter collectively referred to as the defendants and individually referred to as Walls and Pyro. The defendants moved to have the confession of judgment opened pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1973, ch. 110A, par. 276). The motion was granted, and a bench trial was held before Judge George W. Unverzagt. The trial resulted in a judgment in the plaintiffs' favor. The defendants have appealed, raising three arguments as grounds for reversing the decision of the trial court. First, the defendants assert that the decision of the trial court is contrary to the manifest weight of the evidence. The defendants' second contention is that they had the right under the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1975, ch. 121½, par. 137.1 *et seq.*) to void the transaction. Finally, the defendants assert that the trial court was in error when it held the defendants had waived the affirmative defense of a Securities Law violation by not pleading it.

Upon reviewing the record and weighing the arguments presented, we are of the opinion that the decision of the circuit court of Du Page County should be affirmed.

The plaintiffs are sole owners of a heating and air-conditioning installation business known as the Sanchez Corporation. In March 1974, the Sanchez Corporation decided to enter the business of applying building insulation in a liquid form by spraying it on the surface to be treated. In this venture the plaintiffs relied upon the expertise of one of their employees, Walls, who had had some eight years of experience in the spray insulation business. In June of 1974, the plaintiffs and Walls agreed to form a separate corporation to handle the spray insulation business. On June 17, 1974, the spray insulation business was incorporated as Pyro Spray Insulation Corporation. Each of the two plaintiffs was issued 100 shares of stock, as was Walls. The plaintiffs contributed the necessary financing and Walls the necessary expertise in the spray insulation business. At that point, the exact employment status of Walls becomes murky. Walls spent a good deal of time working for the benefit of Pyro, but his paychecks were still coming from the Sanchez Corporation. Walls was the person who worked up the bids Pyro submitted on prospective jobs and supervised the work on those contracts Pyro received.

Apparently some dispute arose between the plaintiffs and Walls concerning the running of Pyro. In November 1974, the parties entered into negotiations for Walls to gain complete control of Pyro. The negotiations culminated in a stock redemption agreement signed February 18, 1975. Under the terms of the redemption agreement, Pyro was to purchase the plaintiffs' 200 shares of stock for $15,000 to be paid by a $2,500 down-payment and a $12,500 note signed by Walls as president of Pyro and individually. The note was due May 15, 1975. The parties had been less than diligent in keeping the proper corporate records, the result being that Pyro's records were not sufficiently organized at the time of the stock redemption agreement for a financial statement to be prepared. To fill that void, the plaintiffs provided the defendants with an affidavit stating Pyro's liabilities totaled $25,708.32. The affidavit specifically stated that it was made to induce Pyro to agree to the stock redemption plan. The affidavit states that $2,972.53 was owed to the Sanchez Corporation, representing the net working capital provided by the Sanchez Corporation less repayments by Pyro. It is Walls' contention that since verification of the amount owed to the Sanchez Corporation was not possible at the time the stock redemption agreement was signed, the parties agreed orally that verification would be provided before the plaintiffs demanded payment on the note.

The plaintiffs demanded payment on the note without first providing

verification of the amount due the Sanchez Corporation. The defendants refused to pay. The plaintiffs confessed judgment against the defendants and obtained a summons to confirm the confession of judgment on July 3, 1975. On August 8, 1975, the defendants moved pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1975, ch. 110A, par. 276) to open the judgment on the grounds that there had been no verification of the amount Pyro owed the Sanchez Corporation. After a hearing, the motion to open the judgment was granted.

On August 9, 1975, the plaintiffs provided the defendants with a verification of the amount Pyro owed the Sanchez Corporation. Among the expenses the Sanchez Corporation claimed it incurred on behalf of Pyro were the $2,000 initial payment for the plaintiffs' stock in Pyro and $1,960 in wages paid to Walls (a portion of these wages had been earned by Walls prior to the formal incorporation of Pyro). The plaintiffs contend that Pyro should be charged with these wages because Walls was working for Pyro at the time. Walls claims that he was working for the Sanchez Corporation for at least a portion of the time charged to Pyro. Finally, there was $883.13 in various expenses which the Sanchez Corporation claims to have incurred but for which it does not have receipts.

At trial, the defendants presented evidence showing that the plaintiffs had not filed the report required by section 4G of the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1975, ch. 121½, par. 137.4G). The plaintiffs objected to this evidence on the grounds that it raised an affirmative defense not pleaded. The defense then moved to amend the pleadings to conform with the proofs.

The trial court found that because of his responsibilities with Pyro, Walls was quite familiar with the financial situation and therefore held that the plaintiffs had not misrepresented material facts inducing the defendants to agree to the stock redemption plan. The court further found that the failure to file the report required by section 4G of the Illinois Securities Law (Ill. Rev. Stat. 1975, ch. 121½, par. 137.4G) was an affirmative defense that was not raised in the pleadings and therefore was barred at trial. Furthermore, the trial court found that the transaction was exempt from the registration requirements of the Illinois Securities Law by section 4 of that law. The trial court declined to be more specific as to what subsection it was applying.

■■ We deal first with the defendants' contention that the decision of the trial court was contrary to the manifest weight of the evidence. The defendants cite two specific instances where they feel the trial court's decision was clearly erroneous. First, the defendants contend that the trial court erred in not finding the plaintiffs had failed to satisfy a condition precedent to the contract. The defendants contend that the plaintiffs were required to provide verification of the sums owed to the Sanchez

Corporation prior to the making of a demand for payment of the note. The plaintiffs admit they agreed to provide the verification but deny it was a condition precedent to their right to demand payment. Where a contract is partially written and partially oral, it is a question for the trier of fact to decide if a contract exists and, if so, what its terms are. (*Trustees of Schools v. Schroeder* (1971), 2 Ill. App. 3d 1009, 278 N.E.2d 431.) In the case at hand, the trial court had ample evidence before it to conclude that the oral addendum to the written contract was not a condition precedent to the plaintiffs' right to demand payment. This being the case, the verification provided by the plaintiffs on August 9, 1975, provided the trial court with a sufficient basis for concluding that the plaintiffs had satisfied the conditon.

Secondly, the defendants assert that the manifest weight of the evidence demonstrated that the plaintiffs had perpetrated a fraud upon the defendants by materially misrepresenting financial facts, thereby giving the defendants a right to rescind the agreement. Upon a review of the record, we find ample support for the trial court's finding that there had been no misrepresentation of material facts by the plaintiffs.

■■ The two findings of fact challenged by the defendants both are supported by the evidence. Therefore we will not disturb the trial court's findings on review. *Yale Development Co. v. Texaco, Inc.* (1977), 51 Ill. App. 3d 616, 366 N.E.2d 892.

Next we turn to the defendants' contention that the transaction was voidable at the defendants' option because the plaintiffs failed to file the report required by section 4G of the Illinois Securities Law (Ill. Rev. Stat. 1975, ch. 121½, par. 137.4G). The defendants raised this argument for the first time at trial where it was barred on the grounds that it was an affirmative defense that had not been pleaded. We hold the trial court correctly barred the defense.

■■ To qualify for the exemption provided for by section 4G of the Illinois Securities Law (Ill. Rev. Stat. 1975, ch. 121½, par. 137.4G) the seller must file a report of the sale with the Secretary of State. The failure to do so is a violation of the Securities Law, allowing the purchaser to void the sale at his option. (Section 13 of the Illinois Securities Law (Ill. Rev. Stat. 1975, ch. 121½, par. 137.13).) Section 43(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 43(4)) requires the defendant to plead any affirmative defense including the defense "* * * that an instrument or transaction is either void or voidable in point of law * * *." The defense of failing to comply with section 4G of the Illinois Securities Law (Ill. Rev. Stat. 1975, ch. 121½, par. 137.4G) is such an affirmative defense. However, the defendants failed to plead the defense, and as such the defendants waived it. *People ex rel. Casey v. Health & Hospitals Governing Com.* (1977), 69 Ill. 2d 108, 370 N.E.2d 499; *Alco Standard*

*Corp. v. F. & B. Manufacturing Co.* (1970), 132 Ill. App. 2d 24, 265 N.E.2d 507, *aff'd in part, rev'd in part on other grounds* (1972), 51 Ill. 2d 186, 281 N.E.2d 652.

Having concluded that the trial court properly struck the question as an affirmative defense not pleaded, we need not reach the question of whether or not the transaction was exempt under one of the provisions of section 4 of the Illinois Securities Law (Ill. Rev. Stat. 1975, ch. 121½, par. 137.4).

For the foregoing reasons we affirm the judgment of the circuit court of Du Page County.

Judgment affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.