SHIRLEY E. SHUTE *et al.*, Plaintiffs-Appellees, v. DENNIS L. CHAM-
BERS, Defendant-Appellant.

First District (5th Division) No. 84—2014

Opinion filed April 11, 1986.

Joseph J. Ticktin, of Chicago, for appellant.

Stanley K. Fish, of Chicago (Sidney Z. Karasik, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs Shute and Beerman, former shareholders of a dissolved corporation, sued to recover under a purchase agreement and note, executed by defendant Chambers in favor of the corporation. After a bench trial, judgment was entered against defendant-appellant in the amount of $59,096.23. Defendant contends that the action is barred pursuant to section 94 of the Business Corporation Act of 1933 (Ill. Rev. Stat. 1983, ch. 32, par. 157.94), which precludes actions by or against a corporation instituted more than two years from that corporation's dissolution. Defendant also contends that the trial court's decision is against the manifest weight of the evidence.

The original complaint, filed on March 9, 1979, by Shirley Shute and Jon L. Beerman (plaintiffs) against Dennis Chambers (defendant) and other parties who were dismissed from the cause, alleged an agreement between defendant and a corporation, B.M.S. Enterprises (B.M.S.), involving the sale of assets of a corporation, Federal Storage and Moving Company. The agreement and a note were signed by defendant and were dated June 17, 1973. B.M.S. was formerly known as Federal Storage and Moving Company (Federal) and changed its name so that defendant could use the Federal name. The agreement covered the purchase of the "old" Federal business including the corporate name, good will, customer accounts and certain personal property. The seller also agreed to convey Illinois Commerce Commission rights and to use its best efforts to obtain approval of the transfer to defendant. The purchase price, secured by an installment note, was to be $85,000, due when certain property was sold at which time defendant would be credited with his share of the sale proceeds. Defendant was an employee and 17½% shareholder in the old Federal corporation. Plaintiffs were also shareholders in the old Federal corporation.

Although defendant disputes it, the record indicates that both parties were represented by counsel in the sale of the business. The property was sold in July 1974. Defendant made no payments on the

note because he believed that he owed nothing. On July 2, 1975, B.M.S. executed articles of dissolution, and the Secretary of State issued a certificate of dissolution on July 15, 1975. In 1977, defendant's "new" Federal corporation went out of business when the Illinois Commerce Commission informed him he had no authority to operate. The facts indicate that at the time of the business transfer, neither defendant nor plaintiffs made any effort to effect a transfer of the operating license.

Plaintiffs' original complaint was filed on March 9, 1979, and was later amended. The amended complaint sought damages and injunctive relief based upon defendant's breach of the purchase agreement and promissory note. Defendant denied breaching the agreement and amended his answer to deny executing the promissory note, which was admitted to in his original answer. Defendant's second amended answer set forth three defenses: (1) plaintiffs' failure to perform by failing to effect a transfer of the Commerce Commission license; (2) a failure of consideration since defendant never obtained Commerce Commission rights; and (3) the agreement violated section 18—309 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 18—309) regarding transfer of a carrier license.

During plaintiffs' case, they offered into evidence a purported assignment of the note from the corporation to themselves. Over defendant's objections, the assignment which was dated July 10, 1975, was admitted into evidence. Also, at the close of plaintiffs' case, defendant, for the first time, raised the issue of the action being barred by section 94 of the Business Corporation Act of 1933 (Ill. Rev. Stat. 1983, ch. 32, par. 157.94).

The trial judge, in denying defendant's motion for a directed verdict on the basis of section 94, relied on *Chicago Title & Trust Co. v. Ceco Corp.* (1980), 92 Ill. App. 3d 58, 415 N.E.2d 668, which stated the applicable standard for ruling on a motion for a directed verdict. The judge first determined that plaintiffs had established a *prima facie* case, and then weighed the evidence presented by plaintiffs. This standard was applied to the assignment and contract aspects of the case. The judge did not expressly rule on the section 94 issue. After judgment in plaintiffs' favor on the claim, defendant filed a motion to dismiss the action as being barred by section 94. The trial judge also denied this motion. He held that an action on the contract or on the note would both be choate claims, and therefore, were not barred by section 94. He further noted that either claim, standing alone, was sufficient to support plaintiffs' claim. Defendant then filed this appeal.

The issues on appeal are (1) whether the defense based on section 94 was timely made; (2) the applicability of section 94 to this cause; (3) whether the assignment dated five days before dissolution was valid; and (4) whether the trial court's decision regarding failure of performance and consideration was supported by the evidence.

We affirm the trial court's ruling for the following reasons.

 ▌ The court must first resolve the issue as to whether section 94 of the Business Corporation Act of 1933 (Ill. Rev. Stat. 1983, ch. 32, par. 157.94) is applicable to the present action. In addressing this issue, it is necessary to determine the validity of plaintiffs' contention that defendant waived the defense by not properly pleading it as an affirmative defense. Section 94 provides that any remedial action by or against a corporation, its directors, or shareholders must be instituted within two years of the corporation's dissolution.

Plaintiffs' waiver argument is based on section 2—613(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—613(d)). Section 2—613(d) provides, in part, that:

"The facts constituting any affirmative defense such as payment, release *** that an instrument or transaction is either void or voidable in point of law, or *cannot be recovered upon by reason of any statute* *** and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action *** and any ground or defense, whether affirmative or not, which if not expressly stated in the pleading, would be likely to take the opposite party by surprise, *must be plainly set forth in the answer or reply.*" (Emphasis added.) Ill. Rev. Stat. 1983, ch. 110, par. 2—613(d).

Both plaintiffs and defendant agree that section 94 is not strictly a statute of limitation but is a conditional limitation upon a plaintiff's right of action. It is in essence a survival statute. (See *Sarelas v. McCue & Co.* (1937), 291 Ill. App. 540, 10 N.E.2d 700.) Defendant cites several cases as authority that section 94 need not be pleaded as an affirmative defense. (See *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.* (7th Cir. 1980), 629 F.2d 1183; *Gordon v. Loew's Inc.* (D.N.J. 1956), 147 F. Supp. 398, *aff'd* (3d Cir. 1957), 247 F.2d 451; *Poliquin v. Sapp* (1979), 72 Ill. App. 3d 477, 390 N.E.2d 974; *Koepke v. First National Bank* (1972), 5 Ill. App. 3d 799, 284 N.E.2d 671.) However, in all of these cases, the defense was raised in pretrial motions.

The test as to whether a defense is affirmative is whether it gives color to the opposing party's claim and then asserts new matter by which the apparent right is defeated. The admission of the ap-

parent right is inferable from the affirmative defense. (*Worner Agency, Inc. v. Doyle* (1984), 121 Ill. App. 3d 219, 459 N.E.2d 633.) Section 2—613(d) of the Code of Civil Procedure is unambiguous in stating that a transaction that "cannot be recovered upon by reason of any statute *** must be plainly set forth in the answer or reply." (Ill. Rev. Stat. 1983, ch. 110, par. 2—613(d).) Section 94 of the Business Corporation Act of 1933 (Ill. Rev. Stat. 1983, ch. 32, par. 157.94) certainly acts to defeat certain causes of action instituted after the two-year winding up period. Thus, it meets the test for an affirmative defense and should have been pleaded or raised by timely motion. Here, defendant did not raise it until he moved for a directed verdict at the close of plaintiffs' case.

■ The remedy for failure to raise an affirmative defense in pleading is amendment of the pleading and not reliance on such defense on appeal. (*Depositors Trust Co. v. Slobusky* (1st Cir. 1982), 692 F.2d 205.) This court in *Sanchez v. Walls* (1978), 59 Ill. App. 3d 75, 375 N.E.2d 138, a confession-of-judgment contract case, addressed a similar situation. In *Sanchez,* defendants raised, for the first time at trial, the issue that a transaction was voidable because plaintiffs had failed to file a report required by a securities statute. The appellate court affirmed the trial court's ruling that the defense was barred as not being timely pleaded pursuant to section 43(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 43(4)), the predecessor of section 2—613(d) involved in the present case. Thus, even though section 94 is not in reality a statute of limitations, it is, nonetheless, an affirmative defense and was waived by not being timely pleaded by defendant.

■ However, even if no waiver had occurred, section 94 is not applicable to the case at bar. Instead, as plaintiffs contend, time for bringing suit is governed by the 10-year statute of limitation for enforcement of promissory notes. Ill. Rev. Stat. 1983, ch. 110, par. 13—206.

Whatever assets a dissolved corporation has belongs to the stockholders subject to the rights of creditors. (*Brooks v. Saloy* (1948), 334 Ill. App. 93, 79 N.E.2d 97.) The purchase agreement and note to sell a business (old Federal) was executed on June 17, 1973, with defendant as buyer and B.M.S. as seller. B.M.S. was issued a certificate of dissolution on July 15, 1975. At that time, B.M.S. ceased to exist as a corporation except for winding up purposes. Even without the purported assignment, the remaining assets of the dissolved corporation, including contractual rights secured by a note, would pass to the shareholders by operation of law. (See *Levy v. Liebling* (7th

Cir. 1956), 238 F.2d 507, *cert. denied* (1957), 353 U.S. 936, 1 L. Ed. 2d 759, 77 S. Ct. 812.) The principle underlying this transfer of ownership rights is succinctly stated in 13 Am. Jur. *Corporations* sec. 412, at 465 (1938):

"*** the act of dissolution of a corporation works a change in the form of the interests of its members by destroying the stock and substituting the thing which the stock represented— that is, a legal interest in the property—and leaves the members to such a division of this."

The ownership rights of the shareholders in the present case do not fall within the ambit of *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.* (7th Cir. 1980), 629 F.2d 1183, and the other cases relied on by defendant. The *Canadian Ace* court held that section 94 was a bar to antitrust actions brought by former shareholders of a dissolved corporation. The court relied on application of section 94 in the case of *Poliquin v. Sapp* (1979), 72 Ill. App. 3d 477, 390 N.E.2d 974, where it acted as a bar to suit by former shareholders against a former director's fraud or mismanagement of a dissolved corporation. The *Poliquin* court ruled that the shareholders could not sue as individuals because the action was derivative, *i.e.,* the injury was caused to the corporation, not to plaintiffs as individuals. The *Canadian Ace* court also distinguished *Levy v. Liebling* (7th Cir. 1956), 238 F.2d 505, *cert. denied* (1957), 353 U.S. 936, 1 L. Ed. 2d 759, 77 S. Ct. 812, wherein former shareholders successfully sued on a judgment entered in favor of their corporation before dissolution. The judgment transformed the claim into a fixed debt or a choate claim. The court in *Canadian Ace* stated that a judgment represents a debt, fixed in amount and evidenced by a document, and therefore, was not barred by the applicable corporate survival statute.

Defendant contends that since there is no judgment in this case, the claim is inchoate and barred by section 94. This argument is without merit. The purchase agreement and note represented a debt of which the fixed amount could be ascertained. And, either by operation of law or assignment, that asset became the individual property of the shareholders upon the corporation's dissolution.

A recent case in New Hampshire, which has a statute similar to section 94 except that the survival period is three years, considered the question as to whether a former shareholder of a dissolved corporation can foreclose a mortgage given to the corporation and enforce a promissory note secured by that mortgage after the expiration of the survival period. The court noted that the former

shareholder sought nothing for and on behalf of the corporation, but rather, in his individual capacity, seeks recovery of an asset which he acquired by operation of equity principles. The court also noted that an assignment was not necessary to transfer corporate assets to shareholders and permitted foreclosure of the mortgage. *Jenot v. White Mountain Acceptance Corp.* (1984), 124 N.H. 701, 474 A.2d 1382.

We agree with the *Jenot* court that allowing a corporate survival statute to be applied to this type of claim would result in barring former shareholders from enforcing rights to corporate assets at the same time they succeeded to ownership of the assets by operation of law. The present action is not a suit by or against a dissolved corporation, but rather is a debt incurred by defendant as evidenced by the purchase agreement and installment note. After the corporate debts were paid, this asset became plaintiffs' individual property by operation of law. Their present right to sue on this debt is in no way derivative of an injury to the former corporation. For this reason, there is no necessity to address defendant's argument concerning the validity of the assignment.

■■ Defendant's final contention concerning failure of performance and consideration must also fail. The evidence shows that defendant operated the business unprofitably for four years after the agreement. He made no effort, nor did he ask plaintiffs, to cooperate in effecting the transfer of the Commerce Commission license. Furthermore, the evidence does not indicate that plaintiffs' failure to use their efforts to effect a license transfer materially breached the purchase agreement nor constituted a failure of consideration.

Accordingly, for the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.