2016 IL App (3d) 150418

Opinion filed February 18, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2016

| | | |
|---|---|---|
| MARCIA ADAMS, RICH CLAY, DONALD STEWART, BOB WHEELIS, ROMEO FULZ, CHARLES VanHESSEN, HARLIE WARREN, DORVIN BEVER, THOMAS HEDRICK, RONALD THACKER, PATRICK O'NEAL, WILLIAM EOFF, LAWRENCE BELCHER, DONOVAN LATHROP, DOUG MARTIN, RUSSELL WOLLAND, DAVID COLLINS, LAWRENCE ROSS, MERVIN BOYER, MARIA KREILEIN, ROBERT McDONALD, RALPH WOEPKE, WILLIAM OSWALD, JOHN CHANDLER SMITH, MARY ZERKLE, KENNETH GARRARD, STEPHEN L. AHLRICH, ROGER WARREN MARTIN, CLARANCE ALTON AMBROSE, MICHAEL ENOCH CARVER, JOHN W. MOREY SR., J.T. SMITHERS, ALMA SLIVINSKI, MAURICE MILFORD LOGAN, RICHARD HENRY VEATH, CLYDE ALLEN AHLFIELD, WILLIAM MOORE, JAMES FOWLER, GILBERT GILLIS, ELROY ARNOLD CHRISTIANSEN, RICHARD DORMAN BLOSS, CHARLES LEO JOPLIN, LARRY DON McVEY, JOSEPH HENRY WILKINSON, PATRICK LEE STAFFORD, HASKEL SHOOK, JOHN HANLIN, BOBBY WALLACE, DAVID CREWS, CARL DUNCAN, CAROL KITCHENS, EUGENE MANN, AND KELLY FRYMIRE,<br><br>    Plaintiffs-Appellants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Appeal No. 3-15-0418<br>Circuit No. 14-MR-607 |

|                                                              |     |                   |
| ------------------------------------------------------------ | --- | ----------------- |
|                                                              | )   |                   |
| v.                                                           | )   |                   |
|                                                              | )   |                   |
| EMPLOYERS INSURANCE COMPANY OF                               | )   |                   |
| WAUSAU, TIG INSURANCE COMPANY,                               | )   |                   |
| TRAVELERS CASUALTY AND SURETY                                | )   |                   |
| COMPANY f/k/a AETNA CASUALTY AND                             | )   |                   |
| SURETY COMPANY,                                              | )   |                   |
|                                                              | )   |                   |
| Defendants-Appellees,                                        | )   |                   |
|                                                              | )   |                   |
| (Sprinkmann Insulation, Inc., Arthur Kremers                 | )   |                   |
| and Rhonda Kremers,                                          | )   |                   |
|                                                              | )   | The Honorable     |
| Defendants).                                                 | )   | James A. Mack,    |
|                                                              | )   | Judge, presiding. |

_____

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Holdridge and Wright concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    The plaintiffs, numerous individuals who were diagnosed with mesothelioma and lung cancer, filed a complaint for declaratory judgment against numerous defendants, including Employers Insurance Company of Wausaw, Travelers Casualty and Surety Company, and TIG Insurance Company (collectively, Defendant Insurers).  The Defendant Insurers filed motions to dismiss.  The circuit court granted the dismissal, finding that the action was barred by section 12.80 of the Business Corporation Act of 1983 (Act) (805 ILCS 5/12.80 (West 2012)) and the prohibition on direct actions against insurers.  On appeal, the plaintiffs argue that the circuit court erred when it dismissed the complaint.  We affirm.

¶ 2                                           FACTS

¶ 3    Sprinkmann Sons Corporation of Illinois (Old Sprinkmann) was an insulation contractor that used asbestos products.  Arthur B. Kremers and Rhonda Kremers owned the company and

2

were its only two shareholders. After the Kremerses decided to retire, Old Sprinkmann's vice president bought certain assets of Old Sprinkmann and formed a new corporation, Sprinkmann Insulation, Inc. (New Sprinkmann). New Sprinkmann neither purchased any of Old Sprinkmann's liabilities nor acquired Old Sprinkmann's liability insurance policies. Old Sprinkmann was dissolved on February 7, 2003.

¶ 4        On September 23, 2011, the plaintiffs filed a complaint for declaratory judgment against the Defendant Insurers, New Sprinkmann, and the Kremerses. The complaint alleged that the plaintiffs were former employees of Old Sprinkmann and had been exposed to asbestos during their employment. The complaint admitted that the plaintiffs' causes of action for negligence did not accrue until after the five-year statutory wind-up period (805 ILCS 5/12.80 (West 2010)) for Old Sprinkmann. Due to this statutory ban, the plaintiffs did not sue Old Sprinkmann, but instead sought a ruling that New Sprinkmann and the Kremerses could be sued as nominal defendants "so that liability and damages may be established." The complaint alleged that the ownership of Old Sprinkmann's liability policies was either acquired by New Sprinkmann or passed to the Kremerses at the time of Old Sprinkmann's dissolution. The complaint also sought a ruling that the Defendant Insurers had duties to defend and indemnify, but the plaintiffs were not seeking a liability judgment against the Defendant Insurers.

¶ 5        On January 16, 2015, the Defendant Insurers each filed a motion to dismiss the complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2012)). In their motions, the Defendant Insurers argued, *inter alia*, that section 12.80 of the Act prohibited the plaintiffs' suit because Old Sprinkmann could not be sued and therefore could not be subject to a liability ruling; accordingly, the plaintiffs' action constituted a direct action against insurance companies, which was prohibited by Illinois law.

3

¶ 6    On April 30, 2015, the circuit court held a hearing on the Defendant Insurers' motions. After hearing arguments, the court took the matter under advisement. The court issued a written order on May 8, 2015, granting the motions to dismiss. In so ruling, the court found that the case presented an issue of first impression in that the plaintiffs were asking the court "to create an equitable avenue of recovery for their particular circumstance." The court noted that the legislature had looked at this type of issue three times, with the last time being a rejection of the very type of remedy sought by the plaintiffs in this case. After noting that the legislature was in a better position to create this type of remedy, the court stated that it would exercise restraint and leave the creation of a new remedy to the legislature. Accordingly, the court ruled that section 12.80 of the Act barred an action against Old Sprinkmann and that the indemnification issue was not ripe, as no liability determination had been made.

¶ 7    The plaintiffs sought and obtained a ruling pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) that there was no just reason to delay an appeal, and they subsequently appealed.

¶ 8                                ANALYSIS

¶ 9    On appeal, the plaintiffs argue that the circuit court erred when it dismissed the complaint. In support of their argument, the plaintiffs variously contend: (1) they have vested rights in Old Sprinkmann's liability insurance that cannot be extinguished by Old Sprinkmann or the Defendant Insurers; (2) Old Sprinkmann's liability coverage passed either to New Sprinkmann or the Kremerses; (3) the courts have the inherent authority to fashion a remedy in the interests of justice; (4) absent a remedy, the defendant insurers receive a windfall by retaining funds intended to pay liability claims; (5) the legislature's failure to fashion a remedy is not an impediment to the courts' ability to do so; (6) the matter is ripe for adjudication of coverage

4

because the Defendant Insurers have denied that they have a duty to defend or indemnify and because the case attempts to present an avenue to obtain a liability determination; (7) the case does not constitute a direct action against the Defendant Insurers; and (8) section 12.80 of the Act does not prohibit this action because the plaintiffs are not suing a dissolved corporation.

¶ 10     A motion to dismiss brought pursuant to section 2-615 of the Code challenges the legal sufficiency of the complaint by alleging defects on its face. 735 ILCS 5/2-615(a) (West 2012). A motion to dismiss brought pursuant to section 2-619 of the Code admits the legal sufficiency of the complaint, but asserts some affirmative matter that defeats the complaint's allegations. 735 ILCS 5/2-619 (West 2012). Section 2-619.1 allows these otherwise-contradictory motions to be brought in a single motion. 735 ILCS 5/2-619.1 (West 2012). We review a circuit court's decision to dismiss a complaint pursuant to section 2-615 or section 2-619 *de novo*. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005).

¶ 11     Of paramount importance to this case is section 12.80 of the Act, which provides:

"The dissolution of a corporation either (1) by filing articles of dissolution in accordance with Section 12.20 of this Act, (2) by the issuance of a certificate of dissolution in accordance with Section 12.40 of this Act, (3) by a judgment of dissolution by a circuit court of this State, or (4) by expiration of its period of duration, shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution. Any such

5

action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name."

805 ILCS 5/12.80 (West 2012).

Section 12.80 of the Act reflects the purposes of allowing otherwise-prohibited actions to be brought by and against the dissolved corporation, yet also providing a definite point at which the corporation's liability ceases, rather than existing in perpetuity. *Blankenship v. Demmler Manufacturing Co.*, 89 Ill. App. 3d 569, 574 (1980); *Pielet v. Pielet*, 407 Ill. App. 3d 474, 495 (2010), *rev'd*, 2012 IL 112064. Thus, even if the plaintiffs had some "vested" rights in the liability policies, as they claim, those rights were effectively divested—not by Old Sprinkmann, New Sprinkmann, or the Kremerses—but by the legislature's enactment of what is in essence a statute of repose that times out the assertion of those rights. See 805 ILCS 5/12.80 (West 2010).

¶ 12        In this case, it is significant that the plaintiffs have acknowledged that their causes of action did not accrue until after the expiration of Old Sprinkmann's five-year wind-up period and they concede that they cannot sue Old Sprinkmann to obtain a liability judgment against it. The plaintiffs deny, however, that this prohibition is fatal to their cause of action. We disagree, because without a determination of the liability of Old Sprinkman, the plaintiffs' action could only be construed either as an action against the Kremerses or as a direct action against the Defendant Insureds, all of whom the plaintiffs seek to have declared "nominal defendants."

¶ 13        We reject the plaintiffs' contention that Old Sprinkmann's liability policies either transferred to New Sprinkmann via the latter's purchase of the former's assets, or they "passed to the Kremers [*sic*], as the shareholders of Old Sprinkmann by operation of law" such that the coverage could be reached by the plaintiffs in their action. First, the asset purchase agreement between Old Sprinkmann and New Sprinkmann was included in documents filed with the circuit

6

court, and that agreement included no provision for the acquisition of Old Sprinkmann's liabilities or liability policies.

¶ 14    Second, the plaintiffs' claims that the liability policies passed to the Kremerses by operation of law are unpersuasive and unavailing. The plain language of section 12.80 indicates that the prohibition on actions by and against dissolved corporations after the five-year wind-up period applies to the corporation's shareholders as well. *Id.*; see also *Koepke v. First National Bank of De Kalb*, 5 Ill. App. 3d 799, 800 (1972) (construing an earlier version of what later became section 12.80 of the Act, which allowed for a two-year wind-up period for dissolved corporations). Thus, even ignoring potential issues with the piercing of the corporate veil (see, *e.g.*, *Buckley v. Abuzir*, 2014 IL App (1st) 130469, ¶¶ 12-13 (discussing the purpose of corporations and the doctrine of piercing the corporate veil)) and even if the liability policies passed to the Kremerses as shareholders, the plaintiffs are statutorily prohibited from bringing an action against the Kremerses to reach those assets.

¶ 15    In Illinois, public policy prevents direct actions against insurance companies. *Zegar v. Sears Roebuck & Co.*, 211 Ill. App. 3d 1025, 1027 (1991). "The commonly cited reason behind the policy is to prevent the jury in the personal injury action from becoming aware that the defendant tort-feasor is insured and thereby possibly awarding a larger verdict under the 'deep pockets' theory." *Id.* at 1028. However, the prohibition against direct actions does not apply if "the issue of coverage is effectively severed from any issue of the insured's liability and the assessment of damages." *State Farm Fire & Casualty Co. v. Perez*, 387 Ill. App. 3d 549, 552 (2008).

¶ 16    Contrary to the plaintiffs' claims, their action does in fact commingle the issues of coverage, liability, and damages. An action to recover under a liability insurance policy is an

7

action to recover damages for the insured's negligence. See *Czapski v. Maher*, 385 Ill. App. 3d 861, 867 (2008) ("[w]here the issue is an insurer's duty to indemnify, the controversy does not arise until the insured becomes legally obligated to pay damages in the underlying action"); *Lyons v. State Farm Fire & Casualty Co.*, 349 Ill. App. 3d 404, 415 (2004) ("[a] declaratory judgment action to determine indemnification is premature if brought before a determination of the insured's liability"). Fault of Old Sprinkmann *is* a necessary issue in the plaintiffs' action. Accordingly, we reject the plaintiffs' argument that its action does not violate the policy prohibition on direct actions against insurers.

¶ 17    The plaintiffs' only viable recourse would be for this court to acquiesce to their appeal to the equitable authority of the courts and to create new law to craft a remedy for them.

¶ 18    "[E]quity must follow the law and *** the legislature may limit the equitable power of the courts." *First American Title Insurance Co. v. TCF Bank, F.A.*, 286 Ill. App. 3d 268, 276 (1997) (citing *In re Liquidation of Security Casualty Co.*, 127 Ill. 2d 434, 447 (1989)).

> "We do not know of any power existing in a court of equity to dispense with the plain requirements of a statute; it has been always disclaimed, and the real or supposed hardship of no case can justify a court in so doing. When a statute has prescribed a plain rule, free from doubt and ambiguity, it is as well usurpation in a court of equity as in a court of law, to adjudge against it; and for a court of equity to relieve against its provisions, is the same as to repeal it." *Stone v. Gardner*, 20 Ill. 304, 309 (1858).

¶ 19    In support of their appeal to the equitable authority of the courts, the plaintiffs claim that the legislature's failure to fashion a remedy is not an impediment to a court's ability to do so.

8

However, this is not a situation in which the legislature has simply "failed to fashion" an equitable remedy. The legislature has actually enacted a statute in the nature of a statue of repose that forecloses a liability determination in favor of the plaintiffs, absent circumstances that do not exist in this case. See 805 ILCS 5/12.80 (West 2010).

¶ 20        While we acknowledge that there are two instances in which Illinois courts have held that section 12.80 does not apply, those exceptions do not apply here. The first exception applies when a shareholder is a direct beneficiary of a contract, *i.e.*, when the shareholder's action is not a derivative claim, but a direct claim. *Sharif v. International Development Group Co.*, 399 F.3d 857, 861 (7th Cir. 2005). The second exception applies when a shareholder seeks to recover a debt for an ascertainable fixed sum; this exception "arises from 'the rights of former shareholders to succeed, in their individual capacities, to rights owned by their corporation prior to its dissolution.' " *Id.* (quoting *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1186 (7th Cir. 1980)). Both exceptions involve certain direct actions brought by shareholders and are readily distinguishable from the instant case.

¶ 21        Moreover, the plaintiffs essentially ask us to undermine the current statutory scheme in section 12.80 of the Act and violate the prohibition against direct actions against insurers. We are neither empowered nor inclined to do so. We acknowledge the tragic nature of the plaintiffs' injuries and the incalculable impacts on their families and friends, and we encourage the legislature to revisit[1] the creation of a remedy for individuals situated similarly to the plaintiffs. However, such a remedy will not be created by this court.

---

[1] We note that in 2014, Senator William R. Haine sponsored a bill that would have amended section 12.80 of the Act. The proposed amended version of section 12.80, *inter alia*, would have required a dissolved corporation's non-transferred liability insurance policies to be placed into a trust for the benefit of any person

¶ 22                                      CONCLUSION

¶ 23            The judgment of the circuit court of Peoria County is affirmed.

¶ 24            Affirmed.

injured by any covered act or omission of the dissolved corporation committed during its existence.  98th Ill. Gen.

Assem., Senate Bill 3264, 2014 Sess.  The Senate passed the bill on April 8, 2014, and it arrived in the House one

day later, where it was sponsored by Representative Arthur Turner.  The bill was referred to the Rules Committee,

but on January 13, 2015, Senate Bill 3264 was shelved indefinitely.